IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| LAWRENCE LEE,<br><br>    Plaintiff<br><br>    v.<br><br>UNITED PARCEL SERVICE, INC., et al.,<br><br>    Defendants | CIVIL NO. 09-1811 (JP) |
| M & N AVIATION, INC.,<br><br>    Plaintiff<br><br>    v.<br><br>UNITED PARCEL SERVICE, INC., et al.,<br><br>    Defendants | CIVIL NO. 10-1137 (JP) |

**OPINION AND ORDER**

Before the Court is Defendant United Parcel Service, Inc.'s ("UPS") motion to dismiss or transfer (**No. 14**). Also before the Court are Defendant UPS' brief in support of its motion (No. 18), Plaintiffs M & N Aviation, Inc. ("M & N") and Lawrence Lee's ("Lee") opposition thereto (No. 27), Defendant's reply (No. 30), and Plaintiffs' surreply (No. 35).[1] Defendant moves to dismiss or transfer the consolidated action pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(2), FRCP 12(b)(3), and 28 U.S.C. §§ 1391(a),

---

1.   Plaintiff Lee joined M & N's oppositions (Nos. 34 and 37).

CIVIL NO. 09-1811 (JP)          -2-
CIVIL NO. 10-1137 (JP)

1404(a) and 1406.  For the reasons stated herein, Defendant's motion is hereby **GRANTED**.

I.  **FACTUAL ALLEGATIONS**

Plaintiff Lee was a pilot for Plaintiff M & N.  On February 26, 2009, Lee was assigned to fly the postal route from San Juan, Puerto Rico to St. Croix.  Plaintiff landed at the St. Croix airport at approximately 4:05 a.m. while taxiing toward the United States Postal Service building located at the East ramp of the Henry E. Rohlsen International Airport in Christiansted, St. Croix, Plaintiff's aircraft struck a stack of pylon cones with its left propeller.  As a result of the incident, one of the propeller blades was torn off.

The pylon cones were found near the UPS building in St. Croix and the cones were branded and stenciled with the letters "UPS." Plaintiff Lee was dismissed from his employment as a result of said incident.  Plaintiffs then brought the instant complaints alleging that the pylon cones belonged to UPS and that UPS employees left them unattended at a location on the ramp which they either knew or should have known was hazardous to taxiing aircrafts.  Plaintiffs allege that the negligent placement of said cones caused them damages.

II.  **LEGAL STANDARD FOR FRCP 12(b)(2)**

FRCP 12(b)(2) provides for dismissal of actions if the Court lacks personal jurisdiction.  "[T]he burden is on the plaintiff to prove that personal jurisdiction over the defendant exists."

CIVIL NO. 09-1811 (JP)         -3-
CIVIL NO. 10-1137 (JP)


Portugues v. Venable LLP, 497 F. Supp. 2d 295, 296 (D.P.R. 2007). Plaintiff need only make a *prima facie* showing of jurisdiction if the Court considers the motion to dismiss for lack of personal jurisdiction without a hearing. Id. at 296-97; see also Harlow v. Children's Hospital, 432 F.3d 50, 57 (1st Cir. 2005).

Under the *prima facie* standard, Plaintiff must show "the existence of every fact required to satisfy both the forum's long-arm statute and the Due Process Clause of the Constitution." Negrón-Torres v. Verizon Communications, Inc., 478 F.3d 19, 24 (1st Cir. 2007) (quoting United States v. Swiss American Bank, Ltd., 274 F.3d 610, 618 (1st Cir. 2001)). Plaintiff must present "evidence that, if credited, is enough to support findings of all facts essential to personal jurisdiction." Id. at 23 (quoting Boit v. Gar-Tec Products, Inc., 967 F.2d 671, 675 (1st Cir. 1992)).

The Court does not sit as a fact finder when determining whether the *prima facie* standard has been met. Portugues, 497 F. Supp. 2d at 297 (citing Boit, 967 F.2d at 675). Instead, the Court decides "whether the facts duly proffered, fully credited, support the exercise of personal jurisdiction." Id. (quoting Rodríguez v. Fullerton Tires Corporation, 115 F.3d 81, 84 (1st Cir. 1997)). All facts affirmatively alleged by Plaintiff must be taken as true and construed in the light most favorable to Plaintiff's jurisdiction

CIVIL NO. 09-1811 (JP)           -4-
CIVIL NO. 10-1137 (JP)

claim.  Id.  "The court may also consider any additional facts put forward by the defendant, so long as they are uncontradicted." Id.

### III. **ANALYSIS**

Defendant moves for the Court to dismiss Plaintiffs' case or alternatively to transfer the case to the proper judicial district in the Virgin Islands.  Defendant requests dismissal or transfer of the instant case on the grounds that: (1) the Court lacks personal jurisdiction; (2) the Court is the improper venue for this action; and (3) the United States District Court for the District of the Virgin Islands, Division of St. Croix, is a more convenient forum. The Court will now consider the parties' arguments.

#### A.    **Personal Jurisdiction**

Personal jurisdiction can be either general or specific. Harlow, 432 F.3d at 57.  Defendant argues that the Court lacks personal jurisdiction over it because there is no specific or general jurisdiction.  Plaintiffs counter that the Court does possess specific and general jurisdiction over Defendant.

##### 1.    **General Jurisdiction**

General jurisdiction can "be asserted in connection with suits not directly founded on [that defendant's] forum-based conduct . . . ." Pritzker v. Yari, 42 F.3d 53, 59 (1st Cir. 1994) (quoting Donatelli v. National Hockey League, 893 F.2d 459, 462-63 (1st Cir. 1990)).  There are three requirements for the Court to

CIVIL NO. 09-1811 (JP)           -5-
CIVIL NO. 10-1137 (JP)

exercise general jurisdiction over an out-of-state defendant. Harlow, 432 F.3d at 57. To exercise general jurisdiction over an out-of-state defendant, "(1) the defendant must have sufficient contacts with the forum state, (2) those contacts must be purposeful, and (3) the exercise of jurisdiction must be reasonable under the circumstances." Cossaboon v. Maine Medical Center, 600 F.3d 25, 32 (1st Cir. 2010) (citing Harlow, 432 F.3d at 57).[2]

                *i.   Sufficient Purposeful Contacts*[3]

Defendant must have sufficient contacts with the forum "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." International Shoe Company v. Washington, 326 U.S. 310, 316 (1945) (internal quotations omitted). The general jurisdiction standard "is considerably more stringent[]" than the minimum contacts standard for specific jurisdiction. Glater v. Eli Lilly & Company, 744 F.2d 213, 216 (1st Cir. 1984). "To permit the exercise of general jurisdiction, the defendant must engage in the continuous and systematic pursuit of general business activities in the forum state." Cossaboon, 600 F.3d at 32 (internal quotations omitted).

---

2.  Plaintiffs attempt to argue that the only requirement to exercise general jurisdiction is that there are the required amount of contacts with the forum state. See Negrón-Torres, 478 F.3d at 24; Pritzker, 42 F.3d at 59-60; United Elec. Workers v. 163 Pleasant St. Corp., 960 F.2d 1080, 1088 (1st Cir. 1992). However, in a recent personal jurisdiction decision, the First Circuit Court of Appeals made clear that more than sufficient contacts is required for general jurisdiction. Cossaboon, 600 F.3d at 32.

3.  The Court will analyze the first and second requirements at the same time.

CIVIL NO. 09-1811 (JP)           -6-
CIVIL NO. 10-1137 (JP)

Furthermore, "there must be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Id. (internal quotations omitted). The test for purposeful availment is focused on "defendant's intentionality[.]" Id. (quoting Swiss American Bank, 274 F.3d at 623). Said test "is only satisfied when the defendant purposefully and voluntarily directs his activities toward the forum so that he should expect, by virtue of the benefit he receives, to be subject to the court's jurisdiction based on these contacts." Id. (quoting Swiss American Bank, 274 F.3d at 624).

In the instant case, Defendant argues that the contacts with Puerto Rico are insufficient to establish general jurisdiction.[4] Specifically, Defendant UPS presents evidence[5] that: (1) the business activities conducted by UPS in Puerto Rico are less than 0.0025 of Defendant's worldwide operations; (2) less than 0.0024 of all of Defendant's operating facilities are in Puerto Rico; (3) Puerto Rico represents less than 0.0025 of the number of countries UPS serves worldwide; (4) Puerto Rico accounts for less

---

4.  The Court notes that in its brief Defendant did not directly present arguments as to whether there are sufficient purposeful contacts. Instead, it focused on whether it would be reasonable to exercise jurisdiction in the instant case. As such, the Court did its best to interpret Defendant's evidence and arguments.

5.  Said evidence is presented in the form of a declaration under penalty of perjury by Gema Vides (No. 18).

CIVIL NO. 09-1811 (JP)          -7-
CIVIL NO. 10-1137 (JP)

than 0.0012 of the weekly flight segments of UPS worldwide; (5) Puerto Rico accounts for less than 0.0012 of the airports UPS serves worldwide; (6) the delivery truck fleet in Puerto Rico amounts to less than 0.0015 of Defendant's delivery truck fleets worldwide; (7) Puerto Rico employs less than 0.0011 of the global workforce of UPS; and (8) Puerto Rico accounts for less than 0.0002 of the volume of Defendant's business worldwide.

Plaintiffs counter that Defendant's operation in Puerto Rico is more than enough to establish sufficient contacts.  Also, Plaintiffs point to evidence that Defendant UPS is registered to do business in Puerto Rico and that it conducts regular business in Puerto Rico.[6] From said facts, Plaintiffs argue that it is reasonable to infer that UPS: (1) has appointed a resident agent for local service of process; (2) maintains office records in Puerto Rico; (3) owns/rents property in Puerto Rico; (4) employs Puerto Rican personnel; (5) advertises its services in Puerto Rico through traditional advertising methods and its website; and (6) pays taxes to the Puerto Rico government. Furthermore, Plaintiffs state that UPS has availed itself of the laws of Puerto Rico and has filed and removed cases to the U.S. District Court for the District of Puerto Rico.[7]

---

6.   Plaintiffs are relying on the declaration under penalty of perjury of Gema Vides submitted by Defendant (No. 18).

7.   Plaintiffs cite to United Parcel Service v. Union de Tronquistas, Civil Case No. 01-1224 (JP), and Negrón-Fuentes v. UPS SCS, Civil Case No. 06-1922 (JAF).

CIVIL NO. 09-1811 (JP)          -8-
CIVIL NO. 10-1137 (JP)

   After considering the arguments and evidence, the Court finds that Defendant UPS has sufficient purposeful contacts with Puerto Rico. UPS is registered to do business in Puerto Rico. While registration is not sufficient by itself to confer general jurisdiction, it "adds some weight to the jurisdictional analysis[.]" Cossaboon, 600 F.3d at 37. UPS also conducts business in Puerto Rico. UPS has: (1) seven operating facilities in Puerto Rico; (2) one hundred fifty eight delivery truck fleets which are operated in Puerto Rico; and (3) four hundred thirty one employees in Puerto Rico. Defendant's Puerto Rico operation generated $779,932.00 in business.[8] Viewed as a whole, the Court finds that these deliberate contacts are sufficient to amount to continuous and systematic pursuit of general business activities in Puerto Rico.

### ii. Reasonableness

   Having determined that there are sufficient deliberate contacts with the forum state, the Court now turns to the question of whether the exercise of general jurisdiction would be unreasonable under the circumstances. Cossaboon, 600 F.3d at 33. Said inquiry looks at the Gestalt factors. Id. at 33 n.3 (citing Harlow, 432 F.3d at 67). The Gestalt factors are:

> (1) the defendant's burden of appearing, (2) the forum state's interest in adjudicating the dispute, (3) the plaintiff's interest in obtaining convenient and effective

---

8.   Said evidence is from the declaration under penalty of perjury by Gema Vides.

CIVIL NO. 09-1811 (JP)         -9-
CIVIL NO. 10-1137 (JP)

> relief, (4) the judicial system's interest in obtaining the most effective resolution of the controversy, and (5) the common interests of all sovereigns in promoting substantive social policies.

Id. (quoting Harlow, 432 F.3d at 67).

There are two lines of arguments introduced by the parties on this issue. First, Defendant's principle argument is that it would be unreasonable to assert jurisdiction over it when the incident giving rise to the complaint occurred outside the forum state and when Defendant's Puerto Rico activities are minimal in comparison to Defendant's worldwide activities. Id. at 38-39; Glater, 744 F.2d at 216. Second, the parties presented arguments based on the Gestalt factors.

### a. *Defendant's Principle Argument*

Defendant argues that the First Circuit decisions in Cossaboon, 600 F.3d at 38-39, and Glater, 744 F.2d at 216, lead to the conclusion that it would be unreasonable for the Court to assert general jurisdiction over it when the accident occurred in St. Croix and when Defendant's business in Puerto Rico is minimal in comparison to Defendant's worldwide activities. The Court finds that this argument is unavailing. In Cossaboon, the United States Court of Appeals for the First Circuit did not reach the issue of whether it would be unreasonable to exercise general jurisdiction over Defendant. Cossaboon, 600 F.3d at 39 n.7 ("In light of our conclusion that MMC lacks constitutionally sufficient contacts with

CIVIL NO. 09-1811 (JP)         -10-
CIVIL NO. 10-1137 (JP)

the forum state, we do not reach the question of whether the exercise of general jurisdiction would be reasonable under the circumstances").

Similarly, Glater does not assist Defendant's contention. To support its proposition, Defendant quotes the following language from Glater: "Glater's cause of action . . . arises with respect to only a single victim in a particular location at a given time. Although Lilly sold DES in New Hampshire, Glater's cause of action did not arise from Lilly's New Hampshire activities . . . ." 744 F.2d at 216. Unlike what Defendant contends, said language was not used by the Court to find that it would be unreasonable to exercise general jurisdiction over Defendant. Instead, the Court used that analysis to find that the Keeton standard for specific jurisdiction was inapplicable. Id. ("[f]inding that the *Keeton* standard for specific jurisdiction is inapplicable in this case, we proceed with our analysis in term of general jurisdiction").

### b.   *Gestalt Factors*

Plaintiffs argue that Defendant's burden of appearing in Puerto Rico would be the same or less than the burden of appearing in St. Croix because Defendant's operation in St. Croix is smaller than its operation in Puerto Rico and Defendant has previously filed and removed cases to the U.S. District Court for the District of Puerto

CIVIL NO. 09-1811 (JP)           -11-
CIVIL NO. 10-1137 (JP)

Rico.[9]  Plaintiffs state that Puerto Rico has a strong interest in adjudicating the dispute because the complaint alleges serious harm to Puerto Rico residents.

Also, Plaintiffs argue that the third and fourth factors, Plaintiff's interest in obtaining convenient and effective relief and the judicial system's interest in obtaining the most effective resolution of the controversy, weigh in their favor because not only do Courts normally give deference to a Plaintiffs' choice of forum, but the Court can attend to the damages suffered by a Puerto Rico company under Puerto Rico law.  Lastly, Plaintiffs do not present arguments regarding the factor on the common interests of all sovereigns and instead just state that UPS has not made any pertinent arguments regarding this last factor.

After considering the arguments, the Court finds that Gestalt factors lead to the conclusion that exercising general jurisdiction over Defendant would be unreasonable.  The Court first notes that it does agree with Plaintiffs' statement that Defendant's burden of appearing in Puerto Rico would be minimal. While having to appear in Puerto Rico would be burdensome to some extent, "the concept of burden is inherently relative, and, insofar as staging a defense in

---

9.   The Court notes that Plaintiffs also argue that any inconvenience suffered by UPS having to litigate in Puerto Rico would be offset by the serious hardship suffered by Plaintiffs having to litigate outside of Puerto Rico because of their limited resources as a small domestic corporation. The problem with this argument is that disparity in wealth of the parties is not relevant consideration under the Gestalt factors. Harlow, 432 F.3d at 68.

CIVIL NO. 09-1811 (JP)           -12-
CIVIL NO. 10-1137 (JP)

a foreign jurisdiction is almost always inconvenient and/or costly, we think this factor is only meaningful where a party can demonstrate some kind of special or unusual burden." Pritzer, 42 F.3d at 64. In the instant case, the burden of Defendant would not go beyond the burden typically faced by a Defendant staging a defense in a foreign jurisdiction.

With regard to Puerto Rico's interest in adjudicating the dispute, Plaintiffs are correct that Puerto Rico has an interest in resolving a dispute that deals with serious harm to a Puerto Rico resident. However, while Puerto Rico does have an interest in protecting its residents, Puerto Rico only has a slight interest here because the injury occurred outside of Puerto Rico. Harlow, 432 F.3d at 67.

Furthermore, the third and fourth factors strongly point against the exercise of jurisdiction by this Court. Plaintiffs are correct in their argument that courts normally give deference to a Plaintiffs' choice of forum. Phillips v. Prairie Eye Center, 530 F.3d 22, 30 (1st Cir. 2008). However, Plaintiffs' argument that Puerto Rico law would apply is unavailing.[10]

Since the instant action is a diversity case, the Court must apply Puerto Rico's choice of law rules. New Ponce Shopping Center v. Integrand Assurance Co., 86 F.3d 265, 267 (1st Cir. 1996) (citing

---

10.   In fact, in their opposition, Plaintiffs simply concluded without explaining or citing to any case law that Puerto Rico law would apply.

CIVIL NO. 09-1811 (JP)           -13-
CIVIL NO. 10-1137 (JP)

Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941)). Puerto Rico follows the conflict of laws doctrine known as dominant contacts. Cruz Berríos v. Accreditation Council for Graduate Medical Education, 218 F. Supp. 2d 140, 142 (D.P.R. 2002); Green Giant Co. v. Tribunal Superior, 104 D.P.R. 489 (1975); Viuda de Fornanis v. American Surety Co. of N.Y., 93 D.P.R. 29 (1966).

Under said doctrine, "the laws of the jurisdiction with the most significant contacts with respect to the disputed issue should apply." A.M. Capen's Co. v. American Trading and Production Corp., 74 F.3d 317, 320 (1st Cir. 1996) (quoting In re San Juan Dupont Plaza Hotel Fire Litigation, 745 F. Supp. 79, 82 (D.P.R. 1990)). In the instant case, St. Croix is the place where the alleged injury occurred and where the conduct leading to the injuries occurred. From this, the Court determines that the law of the Virgin Islands is the applicable law. As such, the third and fourth factors weigh against the assertion of jurisdiction.[11]

Even though Defendant's burden of appearing in Puerto Rico would be minimal, the Court finds that it would be unreasonable to assert jurisdiction over Defendant because Puerto Rico has only a slight interest in adjudicating the dispute and because Plaintiffs' interest in obtaining convenient and effective relief and the judicial system's interest in obtaining the most effective resolution of the

---

11.   The Court will not address the fifth factor of the Gestalt factors because neither of the parties has put forth any arguments regarding said factor.

CIVIL NO. 09-1811 (JP)           -14-
CIVIL NO. 10-1137 (JP)

controversy would be best served by holding the case in the district of the applicable law. Accordingly, the Court declines to exercise general jurisdiction over Defendant.

### 2.   **Specific Jurisdiction**

Specific jurisdiction is present when Plaintiff meets three requirements: (1) relatedness; (2) reasonableness; and (3) purposeful availment. Phillips, 530 F.3d at 27. To succeed in the relatedness requirement, "[t]he evidence produced to support specific jurisdiction must show that the cause of action either arises directly out of, or is related to, the defendant's forum-based contacts." Id. (quoting Harlow, 432 F.3d at 60-61). An attenuated connection between the contacts and the claim are not sufficient. Id. Instead, "the defendant's in-state conduct must form an 'important, or [at least] material, element of proof' in the plaintiff's case." Id. (quoting Harlow, 432 F.3d at 61).

Plaintiffs argue that the relatedness requirement is met because Defendant UPS is a global shipping private carrier of goods. Defendant's activities in Puerto Rico and St. Croix are of the same nature and part of a global operation. Thus, Plaintiffs conclude that the instant action arises from Defendant's activities in both Puerto Rico and St. Croix.

After considering the arguments, the Court determines that Plaintiffs' argument fails. Even construing Plaintiffs' affirmative

CIVIL NO. 09-1811 (JP)                -15-
CIVIL NO. 10-1137 (JP)

allegations as true and drawing all reasonable inferences therefrom, Plaintiffs fail to show that there is a material connection between Defendant's forum based contacts with Puerto Rico and the incident in this case.  The incident in this case occurred in St. Croix and not in Puerto Rico.  Also, nothing suggests that the incident in this case occurred because of any conduct in Puerto Rico.

Furthermore, the fact that Defendant has a global operation and that it performs activities of the same nature in Puerto Rico and St. Croix does not support an inference that the cause of action arises out of, or is related to, Defendant's contacts with Puerto Rico.  Since Plaintiff cannot meet the relatedness inquiry, the Court finds there is no specific jurisdiction and, therefore, the Court need not address the reasonableness and purposeful availment requirements.  Accordingly, the Court finds that it lacks personal jurisdiction over Defendant.[12]

---

12.   The Court also notes that even if it could assert personal jurisdiction over Defendant, the Court would transfer the instant action pursuant to 28 U.S.C. § 1404(a) to the U.S. District Court for the District of the Virgin Islands, St. Croix Division. The Court would do so because the action could have been brought in said district and because it would be in the interest of justice to try the case in said district. 28 U.S.C. § 1404(a).  Private interest factors such as the location of witnesses, the availability of compulsory processes for attendance of unwilling witnesses, and the cost of obtaining attendance of willing witnesses seem to point to the conclusion that either Puerto Rico or the Virgin Islands is best forum to hold this action.

However, other private and public interest factors discussed in Gulf Oil Co. v. Gilbert, 330 U.S. 501, 508-09 (1947), weigh heavily in favor of holding the action in the Virgin Islands. Such factors include: (1) the very real possibility of having to examine the airport in St. Croix where the incident occurred; (2) the fact that jury duty should not be imposed on the people of Puerto Rico who have no relation to the litigation other than Plaintiffs being from Puerto Rico; (3) the strong interest held by the citizens of the Virgin Islands of having a controversy that arose in their airport decided in their

```
CIVIL NO. 09-1811 (JP)           -16-
CIVIL NO. 10-1137 (JP)
```

## IV. **CONCLUSION**

Thus, the Court holds that it lacks personal jurisdiction over Defendant.  Accordingly, the Court will enter judgment dismissing both cases without prejudice.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 6th day of August, 2010.

s/Jaime Pieras, Jr.
JAIME PIERAS, JR.
U.S. SENIOR DISTRICT JUDGE

---

    home; and (4) as previously explained, the fact that the law to be applied is the law of the Virgin Islands and not Puerto Rico law.  Said considerations are sufficient to overcome the strong presumption in favor of Plaintiffs' choice of forum when Plaintiffs choose their home state as the forum.